# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-61751-BLOOM/White

DANIEL LILROD FORD,

      Plaintiff,

v.

KENNETH BROOKINS,

      Defendant.

_____/

### ORDER OVERRULING PLAINTIFF'S OBECTIONS TO MAGISTRATE JUDGE'S <u>REPORT AND RECOMMENDATION</u>

**THIS CAUSE** is before the Court upon Plaintiff's *pro se* Complaint, ECF No. [1], filed pursuant to 42 U.S.C. § 1983, which was previously referred to the Honorable Patrick A. White for a Report and Recommendation for all dispositive matters. *See* ECF No. [2]. Plaintiff claims that Defendant Kenneth Brookins seized Plaintiff and Plaintiff's vehicle in violation of the Fourth Amendment. On September 5, 2018, Judge White issued a Report and Recommendation (the "Report") recommending that Plaintiff's complaint be dismissed under the *Younger* doctrine since the Plaintiff has ongoing state criminal proceedings which arose from the allegations set forth in the Plaintiff's Complaint. *See* ECF No. [9]. The Report advised Plaintiff that "[o]bjections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report," making Plaintiff's objections due by September 19, 2018. *Id.* at 11. The Court thereafter granted an extension, requiring objections filed by September 24, 2018. *See* ECF No. [11]. On September 28, 2018, upon receiving no objections, the Court adopted the

Report dismissing Plaintiff's Complaint without prejudice to file a new complaint upon conclusion of the state court proceedings. *See* ECF No. [12].

On October 9, 2018, Plaintiff filed Objections to the Report. *See* ECF No. [14]. Plaintiff represents that on September 29, 2018, he received the Court's Order extending the deadline to file objections until September 24, 2018. Because the due date for filing objections had already passed when Plaintiff received the Order extending the deadlines, Plaintiff requests that the Court consider the objections. The Court will consider Plaintiff's objections as it appears that Plaintiff has made every effort to comply with the rules and the Court's Orders. *See Garvey v. Vaughn*, 993 F.2d 776, 782 (11th Cir. 1993) ("Once a pro se litigant has done everything possible to bring his action, he should not be penalized by strict rules which might otherwise apply if he were represented by counsel.").

This Court has previously conducted a *de novo* review of the Report. *See* ECF No. [12]. The Report found that *Younger* abstention is appropriate because (1) the state court criminal charges were already pending when he instituted this proceeding; (2) the criminal proceedings involve important state interests; and, (3) Plaintiff could raise his constitutional challenges in the state criminal proceedings. *See Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766-67 (11th Cir. 2013). As Judge White set forth in the Report:

> on August 8,2014, the same date as the incident alleged in the instant complaint, plaintiff was arrested by the Broward County Sheriff's Office for resisting an officer with violence, being a felon in possession of a firearm, and several misdemeanor offenses in case no. 14010837CF10A

Recommending dismissal of the Complaint due to *Younger* abstention, Judge White reasoned that:

> whether Defendant Brookins used excessive force to arrest plaintiff will likely require the court to evaluate whether petitioner did, in fact, resist arrest with violence, as currently charged. *See Ramey v. Georgia*, 2010 WL 786806, at *5

(M.D.Ga., Mar. 5, 2010). Moreover, to the extent that plaintiff wishes to contest his unreasonable search and seizure, and the fruits obtained therefrom, he may do so by filing a motion to suppress in the currently-pending state criminal case.

Plaintiff lists three objections to the Report. Specifically, Plaintiff asserts that the *Younger* doctrine is inapplicable here because: (1) there is no ongoing state court proceeding related to the seizure of Plaintiff's automobile; (2) there is no remedy available in the state court proceeding; and (3) the seizure of Plaintiff's automobile was in bad faith. Plaintiff's objections do not change the Court's conclusion that the Report is well-reasoned and correct and that *Younger* abstention applies.

As to Plaintiff's first objection, there is an ongoing state court proceeding. "[T]he date of filing of the federal complaint is the relevant date for purposes of determining Younger's applicability." *Hale v. Pate*, 694 F. App'x 682, 683–84 (11th Cir. 2017) (internal quotations omitted). The on-line docket in Broward County Circuit Court, case no. 14010837CF10A, shows that the criminal case was open when the Complaint in this case was filed and remains open to date.

Regarding Plaintiff's second objection, "*Younger* has been extended to cases where a *pro se* prisoner brings a § 1983 claim against law enforcement officers for alleged constitutional violations occurring during the course of an arrest, where it appears that the federal court would have to rule on issues that would also have to be decided by the state court in the underlying criminal case." *Hughes v. Lamrerti*, No. 08-cv-61351, 2009 WL 4894493, at *3 (S.D. Fla. Dec. 17, 2009); *see also Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (finding *Younger* abstention of § 1983 claim appropriate where plaintiff raised Fourth Amendment violations in state court trial). Here, Plaintiff may contest in state court his allegedly unreasonable search and seizure, and the fruits obtained therefrom. The Eleventh Circuit has held that when a "vehicle

has been lawfully impounded, the law enforcement officer may conduct an inventory search, including a search of closed containers, provided the search is conducted pursuant to standardized criteria." *Sammons v. Taylor*, 967 F.2d 1533, 1543 (11th Cir. 1992). Thus, in ruling on a motion to suppress, the state court would need to determine whether Plaintiff's vehicle was lawfully impounded. Any ruling by this Court as to the constitutionality of the impoundment and search of Plaintiff's vehicle could interfere with the results reached in the state court case. *See Powell v. Indiana*, No. 1:12-CV-126, 2012 WL 4433325, at *2 (N.D. Ind. Sept. 25, 2012) (holding *Younger* abstention applies to Fourth Amendment unreasonable search and seizure claim because state court determination affects whether the search, seizure, and towing of vehicle was constitutional). For that reason, *Younger* abstention applies here.

Plaintiff's final objection appears to rely on the exception to the *Younger* doctrine pertaining to state proceedings brought in "bad faith." *See Watson v. Fla. Judicial Qualifications Comm'n*, 618 F. App'x 487, 490 (11th Cir. 2015) ("Exceptions to *Younger* abstention include bad faith, harassment, or a patently invalid state statute."). To fall within this exception, Plaintiff must show that the state criminal proceeding was "brought without a reasonable expectation of obtaining a valid conviction." *Id.* Here, Plaintiff contends that the seizure itself, not the criminal prosecution, done was in bad faith. Plaintiff's objection fails to meet an exception from the *Younger* doctrine.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Objections to the Report, **ECF No. [14]**, are **OVERRULED**;

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 18, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Daniel Lilrod Ford
0000989346
Central State Prison
Inmate Mail/Parcels
4600 Fulton Mill Road
Macon, GA 31208